UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MATT NELSON, individually and on behalf of all others similarly situated,** ) ) ) **Plaintiff/Counter Defendant,** ) ) v. ) ) **HARRIS UNITED, LLC,** ) ) **Defendant/Counter Plaintiff.** ) | Case No. 22-CV-0384-CVE-CDL |

## OPINION AND ORDER

Before the Court are plaintiff's opposed motion for leave to file a first amended complaint (Dkt. # 30), and defendant's response (Dkt. # 35). The deadline for plaintiff to file a reply to defendant's response has expired, and plaintiff has not filed a reply. Plaintiff moves the Court for leave to amend his complaint, pursuant to Fed. R. Civ. P. 15, in order to add a claim for retaliation under the Fair Labor Standards Act (FLSA) based on defendant's counterclaims. Dkt. # 30, at 1-2. Defendant opposes plaintiff's motion to amend as futile, arguing that the proposed retaliation claim fails as a matter of law. Dkt. # 35, at 2.

On September 2, 2022, plaintiff filed this collective action alleging wage and hour violations under the FLSA. Dkt. # 2. On October 14, 2022, defendant filed an answer to plaintiff's complaint (Dkt. # 9), and filed counterclaims against plaintiff for breach of fiduciary duty and conversion under Oklahoma state law (Dkt. # 10). On October 28, 2022, plaintiff moved to dismiss defendant's counterclaims for lack of jurisdiction. Dkt. # 19. Plaintiff has abandoned that motion to dismiss defendant's counterclaims (Dkt. # 29) and, instead, answered the counterclaims (Dkt. # 31). In addition, plaintiff now brings this motion for leave to file an amended complaint to add a claim of retaliation under the FLSA (Dkt. # 30).

Under Fed. R. Civ. P. 15(a)(2), after the opposing party has served a responsive pleading, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Minter v. Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006). The decision to grant leave to amend is within the discretion of the district court but, when leave is sought, it should be "freely given when justice so requires." Bradley v.Val-Majias, 379 F.3d 892, 900-91 (10th Cir. 2004). Leave to amend may be denied if the proposed amendment would be futile and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th Cir. 1999). Denial of a motion to amend may also be appropriate if the moving party unduly delayed when seeking leave to amend and has no adequate explanation for the delay. Minter, 451 F.3d at 1206. "In the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend." Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).

The issue here is whether amending the complaint would be futile. Plaintiff contends that the filing of counterclaims can amount to retaliatory conduct under the FLSA, and, therefore, the addition of a retaliation claim is warranted. Dkt. # 30. Defendant argues that its counterclaims cannot constitute an adverse employment action as a matter of law because they are cognizable claims and, therefore, "not frivolous, baseless, or otherwise abusive." Dkt. # 35, at 6.

The FLSA expressly prohibits an employer from retaliating against an employee for reporting alleged violations:

> [I]t shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

2

29 U.S.C. § 215(a)(3). To make a prima facie case of FLSA retaliation, a plaintiff must show that "(1) [he] engaged in protected activity under the FLSA, (2) [he] suffered an adverse employment action contemporaneous with or subsequent to the protected activity, and (3) a causal connection between the protected activity and the adverse employment action." Pacheco v. Whiting Farms, Inc., 365 F.3d 1199, 1206 (10th Cir. 2004). An adverse employment action means that "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006). In addition, "[f]ormer employees qualify as 'employees' for purposes of bringing unlawful retaliation claims against a former employer. Trujillo v. Univ. of Colorado Health Scis. Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998) (citing Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997)).

Defendant argues that plaintiff's motion to amend his complaint with a retaliation claim is futile because plaintiff did not suffer an adverse employment action, as a matter of law. The Tenth Circuit Court of Appeals has yet to address whether the filing of a counterclaim can constitute an adverse employment action to support a retaliation claim. See Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1123 (10th Cir. 2007) ("While it is certainly an interesting question whether the filing of counterclaims in response to discrimination claims brought by a former employee constitutes an adverse employment action, that question . . . need not be decided in this case."). Other district courts in the Tenth Circuit have held that "the mere assertion of a counterclaim does not constitute the requisite adverse employment action." Feltner v. Dragonfly Ent. Grp., LLC, No. 21-CV-03052-LTB-STV, 2022 WL 2187793, at *2 (D. Colo. June 13, 2022) (citing cases).

At least one court in the Tenth Circuit entertained the possibility that a counterclaim may constitute an adverse employment action under some circumstances. See, Robinson v. Dean Foods Co., No. 08-CV-01186-REB-CBS, 2009 WL 2382764, at 5* (D. Colo. July 30, 2009) ("It is conceivable that a frivolous, baseless, or otherwise abusive counterclaim might form the basis for a retaliation claim."). However, Robinson, the lone case cited by plaintiff in support of his motion, held that the counterclaim at issue could not satisfy the adverse employment action standard. As the court explained:

> When an employee initiates the litigation, a counterclaim cannot dissuade the employee from making a charge of discrimination . . . because the charge must necessarily be made before the employer can file a counterclaim. Thus, a counterclaim falls within the Burlington Northern definition of adverse action only if the counterclaim "could well dissuade a reasonable worker from . . . supporting a charge of discrimination."

Robinson, 2009 WL 2382764, at *4 (quoting Burlington Northern, 548 U.S. at 57). Here, plaintiff's suit under the FLSA is based on alleged failure to pay overtime, not discrimination. Therefore, the viability of plaintiff's retaliation claim, and whether leave to amend his complaint would be futile, depends on whether plaintiff plausibly pleads that defendant's counterclaims are frivolous, baseless, or otherwise abusive, such that they "could well dissuade a reasonable worker" from filing suit under the FLSA. The Court holds that plaintiff has not satisfied this standard.

Plaintiff's FLSA wage action hinges on plaintiff's status as either an exempt or non-exempt employee. Therefore, evidence pertaining to plaintiff's job duties is critical not only to plaintiff's claim, but also to defendant's defenses. Defendant's counterclaims allege that plaintiff improperly deleted his work emails, which would provide evidence of plaintiff's job duties, from defendant's

4

servers, inhibiting defendant's defenses. Dkt. # 10, at 2-4. This alleged improper handling gives rise to defendant's counterclaims for breach of fiduciary duty and conversion.[1] Dkt. # 10, at 4-5.

As alleged, defendant's counterclaims are not frivolous, baseless, or otherwise abusive. They raise pertinent issues directly in response to plaintiff's FLSA claims. A plaintiff bringing an FLSA claim must anticipate denials, defenses, and affirmative defenses to the alleged claim. Defendant's counterclaims in this action amount to affirmative defenses, to which plaintiff should reasonably be expected to respond as part of the dispute. Given the facts alleged, defendant's counterclaims are not harmful to the point that they dissuaded a worker from bringing an FLSA claim in the first place. Indeed, plaintiff alleged the initial claim, and nothing about defendant's counterclaims affected or dissuaded the action.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file first amended complaint (Dkt. # 30) is **denied**.

**DATED** this 5th day of January, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, while defendant's counterclaims do not amount to an adverse employment action, required to support a prima facie case of retaliation, plaintiff's proposed amended complaint alleges facts that refute defendant's primary basis for those claims. Defendant's counterclaims allege that plaintiff deleted work emails that "cannot be recovered." Dkt. # 10, at 4. However, plaintiff's proposed amended complaint alleges that he did not delete work emails from his work account, and instead retains all of his work related emails in his personal email account, which he claims to have used for work at defendant's direction and/or support. Dkt. # 30-1, at 10. These matters are appropriately raised in an answer to counterclaims or in a discovery setting.